The Court delivered the following statement of the case, and opinion :
Gwyn R. Tompkins, as late sheriff of Fayette county, made his motion in the county Court, against Bradley, his deputy, and securities ; upon which motion, judgment was given in favor of said Tompkins, which is thus stated :
“ The plaintiff produced evidence that due and legal notice of this motion had been given the said defendants, and also of the justness of his demand for the sum of fifty-six pounds, ten shillings and five pence, being a balance due from the said defendant, Bradley* for the county levy, for the year 1800, placed in his hands for collection, and which remains unpaid.” Whereupon-judgment was rendered for that sum, and costs.
The first assignment of error questions the jurisdiction of the court.
onT^iec^ld^ncf ¡“c founded, ought not to be enter, unlef" b^C°biiI of exceptions,
.tlle Pnn-neywithoutTuit which his de-P^W to proceed his deputy as if .ha,i Pald lfc
County creditors cannot ^ov.e * coiieaor!11 °
Cofts are ⅛-f°tever£ iughHo be gi-Ten.
If. notlce 11 camn,0n intent,’ it is iuffident,
. By the act of March 1797, (Sessioti ácts, p. 152, $ 4) (a), the sheriff or county collector and securities are subjected to a motion and judgment, Upon ten days notice, on behalf of such individual county Creditors, as he shall fail to account with arid satisfy, on Or before the first day of October arinúally : which motion is authorised to be made,“ in the court of that county where the delinquency happened j” and he is likewise, for failure to adjust and settle the amount of his collection with the county by the said day, made liable, upon like notice, to a judgment for whatever shall appear to be due from such delinquent sheriff or, collector ; and the court of that county before whom he ought to account, is authorised to enter up a judgment therefor, and award execution : and by the same section, the court of each county is au-thorised to appoint the sheriff, or any other person, collector of their county levies ; and to take bond, &c.
Frorri this section it is plain, that the county courts are authorised to hear a motion against the principal or collector; arid award judgment, either on behalf of the individuals, respectively, to whom he may have been directed to pay the county levy, or for any balance that may appear to be due from such delinquent sheriff to the county.*
The 5th section of the same act, authorises the collector of the county levies to appoint one or more depüties to assist in the collection ; makes the collector responsible for the conduct of his deputies ; and the cleputies and their securities^ respectively, are made subject to the principal, in like mode of recovery, and to the Same remedy as the collector himself is subject to by law.
These two sections plainly give to the county court jurisdiction to sustain a motion' by the sheriff or collector against His deputy,1 for any delinquency in collecting, accounting for, or satisfying the county levies, of which such deputy may have been guilty.†
The third assignment of errors, is, that “ It does not appear that the plaintiff, Tompkins, was collector at all Of the courity ,* not being such necessarily as sheriff.”
_ ,. See Reading 'vs. Holton, ante e3-
That the sheriff may be collector, and is moreover bound to collect the county levy, if required, appears from the fourth section of the act before alluded to, and from an act passed the 19th December 1796, concern-*ng sheriffs, $ 1, 13, 14 (a) ; as the law had created no incapacity in the sheriff to be the collector of the county levy ; but had rather imposed it as a duty, unless dispensed with by the appointment of some other collector. This assignment suggests an inquiry into a matter of fact, whether Tompkins was or was not the collector of the - - - — 1 - - levies ? The evidence to which point, however clear and abundant it may have been in the county court, ought not to have been incorporated with the record, unless made a part thereof by bill of exceptions, or otherwise. No assignment of errors, but upon matter of laxo only, arising upon the face of the record, is permitted in cases of this kind — See act establishing the court of appeals, December 1796, § 13 (b). If the defendants supposed the county court had decided upon incompetent or insufficient evidence, as to the matter of fact, they should have spread the evidence upon the record, so as to enable this court to revise the decision; otherwise the certificate of the court that the plaintiff had produced evidence of the “justness of his demand,” must be taken as correct.*
The fourth assignment of errors, is, “ The same mode of recovery is given to a collector against his deputy, that exists against him. Now the mode which existed against him, whs by making an order in favor of each individual creditor ; this has not been done ; and for this reason the judgment is erroneous.”
If by this it is supposed that none but an individual creditor can move against the principal, the contrary appears from the fourth section of the act before referred to, giving authority, upon ten days notice, to the court df the county to enter judgment in favor of the county. If the suggestion is intended, that nothing but a previous judgment upon motion against the principal, could authorise the motion against the deputy ; such a construction of the act cannot be admitted ; since such judgment, to which the deputy was not a party or privy, could not be evidence against the deputy : and if admitted, could not ascertain the extent of the deputy’s delin *187 quency, or whether he was at all a delinquent. And it seems clear, that a payment made by the principal, without suit, gave him a claim against his deputy, who ought to assist him in the payment, but did not; as just as though the principal himself had been obstinately delinquent, until forced by the officers of the law to do his duty.
The fifth section of the act before referred to,gives the collector, against his deputy and securities, “ the same remedy and mode of recovery” for any sum of money which the collector “ may be subject to the payment of' on accout of the transactions of his deputy,” as the collector himself is subject to.
The sheriff, or collector, is liable for the whole amount of the levy. He is subject to pay all monies entrusted to his deputy to collect, and which the deputy has not paid to those entitled to receive it. If the deputy has paid any monies to the county creditors, or those entitled to receive it, he is entitled to a credit pro tanto, with his principal : the balance is justly due from the deputy to the principal; either to enable the principal to pay and settle up his collection, or as reimbursement, if he shall actually have settled. If the deputy will not pay over what is due from him to his principal, the law gives to the principal, for the violation, of this right, the same remedy and mode of recovery, as he himself is subject to, that is, a judgment in the county court, upon ten days, previous notice of the motion.
This, together with what has been said respecting errors “ in Tact,” willform a complete answer to the fourth, assignment.
The fifth.assignmentof error, suggests “that the collector does not appear to have been made liable by any act of his deputy, who might have paid up to the county creditors to the extent of his collection.” If such had been the fact, it .would have been good as matter of evidence before the county court. From the. record^ we are bound to presume that the county court had sufficient evidence of the delinquency of the deputy. The other suggestion made in this assignment, “That a mo. tion by the county creditors against the deputy, would lie,” does not appear to be warranted by law.
The sixth and seventh assignments regard costs, which, are incident to every judgment, and ought to be given. *188 * If the clerk taxes more costs than are allowed by law, the taxation may he reviewed- by the court which rendered the judgment, and the excess corrected, Rut what costs were taxed, the record does not exhibit ; but an attorney’s fee, if taxed, ⅛ not deemed improper^ if one was employed.
Clay, for the plaintiffs; Bledsoe, for the defendant.
As to the seventh assignment of errors, it appears to the court that the notice is sufficient to a common intent; and that th® judgment of the court accords with the notice. It was1 immaterial whether the deputy had actually collected the levies pr not ; he was bound to do so, and the law had given him the means of doing it by distress, &c. allowing him a credit for insolvents. The bare stating how many persons were insolvent, and how imuchhe was in arrear, without paying over the balance, d.oes not satisfy the legal intendment of the expressions “ accounting for according to law.”
Judgment affirmed.

 1 Brad 208.

 In the cafe of Palmer vs. Craddock and others, Pr, Dec. 214, it was decU d$d, that the courts of quarter feffions had not juriidiition of l'uch motions.

 The fame point was decided; this term, in the cafe o i M'Grady and others M'Lalnt &c%

*) a ¿is of 1796-7, p,n8, 1 Brad. 348.

{b) Page 70, t Brad. 283.

 Same point decided, this term, ⅛ the cafe of M'Grady, &c. vs. M'Lain.

 Same point decided in the cafe of Schooler vs. the Commonwealth for Wiley, fall term 1809, in a cafe of baftardy.